UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
RAVEN PRODUCTION MANAGEMENT GROUP :
LLC, : Civ. Case No. 24-2670 (___)
:
  *Plaintiff*, :
:
  -against- : **COMPLAINT**
:
PHANTOM LABS, INC., MATTHEW LUPTON, and : **(JURY TRIAL DEMANDED)**
SEAN P. DIDDY COMBS, :
:
  *Defendants*. :
:
------------------------------------------------------------------ x

Plaintiff, Raven Production Management Group, LLC ("**Raven**" or "**Plaintiff**"), by its undersigned attorney, for its Complaint, alleges as follows:

## NATURE OF THE ACTION AND RELIEF REQUESTED

1. In this action, Raven alleges breach of a services contract and related claims against defendants Phantom Labs, Inc. ("**PHNTM**"), Matthew Lupton ("**Lupton**"), and Sean P. Diddy Combs ("**Diddy**," and with PHNTM and Lupton, "**Defendants**").

2. In entering the transaction, PHNTM and Lupton misrepresented their contractual relationship with Diddy and their financial arrangements, causing Raven to incur unreimbursed costs. Specifically, Raven fulfilled its contractual obligations by constructing a custom structure for a Diddy music event. Despite Raven's performance, PHNTM failed to meet its contractual duties, leading to substantial losses for Raven. Raven files this suit to seek redress through damages for Defendants' wrongful conduct.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant because the forum selection clause in the governing agreement provides that "any action, suit or proceeding concerning, related to or arising out of this Agreement shall be heard and determined only in the federal and states courts located in New York County, New York." Accordingly, the Parties consented to jurisdiction in this Court.

5. The parties irrevocably waived any objection to venue in this Court and agreed not to assert any defense of lack of personal jurisdiction, improper venue, or inconvenient forum.

## PARTIES

6. Plaintiff Raven Production Management Group, LLC is a Louisiana limited liability company with its principal place of business at 1300 Montegut Street, New Orleans, Louisiana, 70117.

7. Defendant Phantom Labs, Inc. is a California corporation with its principal place of business located at 1375 East 6th Street, Los Angeles, California, 90013.

8. Defendant Matthew Lupton is an individual that resides in Glendale, California.

9. Defendant Sean P. Diddy Combs is an individual that resides in Los Angeles, California.

## BACKGROUND

10. Raven specializes in the construction and installation of custom structures for events. In August 2023, Raven contracted with PHNTM to construct and install a red translucent cube for a project related to musical artist and defendant Diddy.

11. The parties began discussing the cube project in late August 2023. On August 31, PHNTM, by and through Lupton, stated that it received a signed contract from Diddy and would receive funds the next day.

12. Based on Lupon and PHNTM's representations, Raven sent a quote and deposit invoice to PHNTM. Raven then paused work on all other projects and began ordering materials and fabricating the cube, working overtime to meet the project's deadlines.

13. On September 5, PHNTM altered the original cube design, increasing costs by $20,000, which it approved.

14. On September 6, PHNTM, through Lupton, informed Raven that Diddy approved the design change and had submitted a deposit payment to PHNTM via ACH. PHNTM and Lupton further promised that it would same-day wire funds to Raven on Friday, September 8, 2024.

15. Based on PHNTM and Lupton's representations, Raven began fabricating the cube based on the modified specifications.

16. On September 7, PHNTM told Raven to stop work because Diddy postponed the project to a later unknown date.

17. Despite assurances from PHNTM that it would pay Raven for costs incurred once it received funds from Diddy, it never did. On September 8, Raven sent PHNTM an invoice for $96,732.00 for its material costs but received no payment.

18. In November 2023, PHNTM's CEO Gabriel Fraboni contacted Raven to apologize for lack of payment and proposed a biweekly payment plan of $18,000.00 to resolve the issue. However, PHNTM failed to make any payments under the plan, leading Raven to engage attorneys to pursue the debt.

## FIRST CLAIM FOR RELIEF
### Breach of Contract
### (against PHNTM)

19. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

20. Raven and PHNTM entered into a valid and enforceable contract, whereby Raven agreed to fabricate a cube structure for a Diddy event.

21. Raven performed its obligations under the contract by ordering materials and fabricating the cube.

22. PHNTM breached the contract by failing to pay the agreed amount or to reimburse Raven for its costs of materials.

23. As a result of PHNTM's breach, Raven suffered damages of no less than $200,000, exclusive of fees and interest.

## SECOND CLAIM FOR RELIEF
### Fraudulent Inducement
### (against PHNTM and Lupton)

24. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

25. PHNTM, by and through Lupton, made several material representations to Raven, including that it, (i) had executed a contract with Diddy, (ii) had received funds from him, and (iii) would wire funds to Raven.

26. Raven reasonably relied on PHNTM and Lupton's representations as evidenced by its actions in pausing work on other projects, purchasing materials, and beginning to fabricate the cube structure. This reliance was to Raven's detriment, as it incurred significant costs that were never paid.

27. As a result of the fraudulent inducement, Raven suffered out-of-pocket damages of no less than $96,732.00, exclusive of fees and interest.

28. Raven's claim for fraudulent inducement satisfies the heightened pleading requirement of Fed. R. Civ. P. 9(b), by stating the who, what, when, where, and how of the fraudulent inducement: PHNTM, through Lupton, made false representations to Raven about a signed contract and incoming funds from Diddy, causing Raven to incur significant costs.

**THIRD CLAIM FOR RELIEF**
**Tortious Interference with Contract**
**(against PHNTM and Lupton)**

29. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

30. Raven held several contracts with third parties that PHNTM and Lupton were aware of.

31. PHNTM and Lupton willfully and intentionally interfered with these contracts by inducing Raven to execute the contract with PHNTM that it knew would redirect resources away from Raven's other customer contracts.  PHNTM and Lupton had no intention of paying under the contract.

32. PHNTM and Lupton's conduct caused Raven to breach terms of its contracts with third parties.

**FOURTH CLAIM FOR RELIEF**
**Tortious Interference with Business Relations**
**(against PHNTM and Lupton)**

33. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

34. Raven had business relations with several third parties that PHNTM and Lupton were aware of.

35. PHNTM and Lupton willfully and intentionally interfered with the business relations by inducing Raven to execute the contract with PHNTM that it knew would redirect resources away from Raven's other customer contracts.

36. PHNTM and Lupton acted solely out of malice or used improper or illegal means amounting an independent tort.

37. This interference caused damage to Raven business relations with third parties.

## FIFTH CLAIM FOR RELIEF
### Tortious Interference with Contract
### (against Lupton and Diddy)

38. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

39. A valid contract existed between Raven and PHNTM that Lupton and Diddy were aware of.

40. Lupton and Diddy willfully and intentionally interfered with the contract, causing the project to be postponed.

41. Further Lupton and Diddy caused PHNTM to fail to pay Raven, thus causing PHNTM to breach the contract.

42. This interference caused damage to Raven.

## SIXTH CLAIM FOR RELIEF
### Deceptive Trade Practices
### (against PHNTM)

43. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

44. Raven is a Consumer under New York's Deceptive Trade Practices Act.

45. PHNTM engaged in deceptive trade practices by making false or misleading statements and failing to disclose material information with the intent to induce Raven into a transaction.

46. Specifically, PHNTM represented that it had received a signed contract from Diddy and that funds would be transferred the next day. PHNTM also approved a design change to the fabrication project, stating that Diddy had approved the change.

47. However, PHNTM failed to disclose that it did not in fact have a contract with Diddy and/or access to his funds when it requested Plaintiff to begin work on the project.

48. Plaintiff reasonably relied on PHNTM's representations and omissions and began work fabricating the structure to PHNTM's specifications, incurring significant costs in materials and labor.

49. Despite assurances of payment from PHNTM, Plaintiff was never paid any amount owed.

50. As a result of its reliance on PHNTM's deceptive trade practices, Plaintiff suffered damages.

## SEVENTH CLAIM FOR RELIEF
**Unjust Enrichment**
**(against All Defendants)**

51. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

52. Defendants were enriched at Raven's expense because Raven provided services and materials to Defendants for which it has not been compensated.

53. Specifically, Raven fabricated the cube for Defendants' benefit.

54. Raven provided these services to Defendants with the understanding that Raven would be fairly compensated.

55. However, Defendants retained the benefits conferred by Raven without adequately compensating Raven.

56. Equity and good conscience require that Defendants make restitution for the reasonable value of the services rendered and materials provided by Raven.

57. By reason of the foregoing, Defendants have been unjustly enriched at the expense of the Raven.

## EIGHTH CLAIM FOR RELIEF
### Quantum Meruit
### (against All Defendants)

58. Raven repeats and realleges paragraphs 1 through 15 as if set forth herein.

59. A valid contract existed between Raven and PHNTM for the original fabrication and installation of a red translucent cube structure.

60. During the course of the contract, at PHNTM's request and approval, Raven performed significant additional work beyond the scope of the original contract.

61. Defendant knowingly accepted and benefited from Raven's additional work.

62. In performing the additional work, Raven incurred substantial costs in materials and labor.

63. Despite repeated assurances that it would pay Raven for the reasonable value of the extra work, PHNTM has failed to pay Raven any amount for the additional work.

64. Raven is entitled to recover from PHNTM in quantum meruit the reasonable value of the materials, labor, and services provided for the additional work performed.

WHEREFORE, Raven respectfully demand judgment against Defendants:

(i) Enter judgment in favor of Raven and against Defendants Phantom Labs, Inc., Matthew Lupton, and Sean P. Diddy Combs on all claims for relief;

(ii) Award damages to Raven in an amount to be determined at trial, but no less than $200,000 for breach of contract, no less than $96,732.00 for fraudulent inducement, and additional damages for tortious interference with contract and business relations, deceptive trade practices, unjust enrichment, and quantum meruit;

(iii) Award Raven its costs and expenses of this action, including reasonable attorneys' fees;

      (iv)    Grant Raven such other and further relief as this Court deems just and proper; and

      (v)    Grant Raven a trial by jury on all issues so triable.

Dated: April 9, 2024,

Respectfully Submitted,

**EISWEIRTH LAW, PLLC**

/s/ *Thomas J. Eisweirth*
Thomas J. Eisweirth (Bar ID 5546221)
5900 Balcones Drive, Suite 16746
Austin, Texas 78731
Telephone: (512) 663-7525
thomas@eisweirthlaw.com

***Counsel for Plaintiff Raven Production Management Group, LLC***

9