UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
RAVEN PRODUCTION MANAGEMENT GROUP           :
LLC,                                                                      :
                                                                               :
                              Plaintiff,                                  :
                                                                               :
                -v-                                                        :           24 Civ. 2670 (JPC)
                                                                               :
PHANTOM LABS, INC., MATTHEW LUPTON, and :           ORDER
SEAN P. DIDDY COMBS,                                         :
                                                                               :
                              Defendants.                             :
                                                                               :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On April 9, 2024, Plaintiff attempted to file a complaint in this action. Dkt. 1. Due to filing errors with that complaint and a subsequently filed iteration, *see* Dkt. 5, however, the operative Complaint was not filed until April 23, 2024, Dkt. 6. According to two proofs of service filed on the docket, the summons was served on Defendant Matthew Lupton on April 29, 2024. Dkts. 14, 18; *see also* Dkt. 20 (affidavit of Plaintiff's attorney) ¶ 4 ("Plaintiffs [sic] properly served the summons and complaint upon PHNTM and Lupton."). Two proofs of service filed on the docket reflect that the summons and Complaint were served on Phantom on May 22, 2024. Dkts. 15, 23.[1]

As of the date of this Order, Phantom and Lupton still have not appeared in this action. On June 12, 2024, Plaintiff sought a Certificate of Default as to Phantom and Lupton, Dkts. 19-20, and the Clerk of Court issued a Certificate of Default as to those two Defendants that same day,

---

[1] The docket sheet indicates that the first certificate of service, filed on June 11, 2014, reflects a service date of April 30, 2024, but the actual certificate of service attests that Phantom was served on May 22, 2024.

Dkt. 21.  Then, on June 18, 2024, Plaintiff again sought a Certificate of Default as to Phantom, Dkts. 24-25, and the Clerk of Court issued another Certificate of Default, this time only as to Phantom, Dkt. 26.  Later that day, Plaintiff filed a motion for default judgment as to Phantom and Lupton.  Dkts. 27-29.

Under this Court's Individual Rules, "a party seeking to file a motion must submit a pre-motion letter" before filing the motion.  Individual Rules and Practices in Civil Cases, ¶ 6.A, available at https://www.nysd.uscourts.gov/hon-john-p-cronan.  Such letters must "notify[] the Court of [the filer's] anticipated motion, summariz[e] the basis for the anticipated motion, and propos[e] a briefing schedule."  *Id.*  Plaintiff failed to comply with this requirement.  The motion for a default judgment is denied without prejudice for Plaintiff's failure to comply with this Court's Individual Rules.

The Court also notes that the docket does not reflect that Plaintiff has served the summons and Complaint on the third Defendant, Sean P. Diddy Combs.  Thus, it does not appear that Combs is in default and, not surprisingly, the Clerk of the Court has not issued a Certificate of Default as to Combs.  The Court is not inclined to entertain a default judgment motion as to Phantom and Lupton where a co-defendant is not in default and may not even have been served with the summons and Complaint, given the risk of inconsistent liability findings in the event that defendant appears and defends in the litigation.  *See City of Almaty v. Sater*, No. 19 Civ. 2645 (AJN), 2021 WL 4340541, at *1 (S.D.N.Y. Sept. 23, 2021) ("Default judgment cannot be issued where the relief requested would prejudice actively litigating defendants.  The key inquiry is whether the default judgment could result in inconsistent outcomes for similarly situated defendants." (cleaned up)).

By June 28, 2024, Plaintiff must file either proof of service on Combs or a letter explaining the status of effecting service on Combs. The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 28.

SO ORDERED.

Dated: June 20, 2024
       New York, New York

                                             JOHN P. CRONAN
                                   United States District Judge