

Thomas Eisweirth
Eisweirth Law, PLLC
5900 Balcones Drive, Suite 16746
Austin, TX 78731
thomas@eisweirthlaw.com
512.663.7525

January 7, 2025

**Via Email**

Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
**Courtroom:** 12D
**Chambers Email:** CronanNYSDChambers@nysd.uscourts.gov
**Chambers Phone:** 212-805-0218
**Chambers Fax:** 212-805-7973

      **Re:**    *Raven Production Management Group LLC v. Phantom Labs, Inc., Matthew Lupton, and Sean P. Diddy Combs, Case No. 24 Civ. 2670 (JPC)*

Dear Judge Cronan,

I write in response to the Court's Order dated December 30, 2024 (ECF No. 43), retroactively extending Plaintiff's deadlines to January 3, 2025, and requiring Plaintiff to show cause why sanctions, including dismissal for failure to prosecute, should not be imposed for repeated failures to comply with Court orders. Plaintiff respectfully submits this letter to explain the delays and to provide an update on compliance with the Court's prior directives.

**A.**    **Delay**

Plaintiff acknowledges the Court's frustration with the lack of timeliness in adhering to its deadlines. The failure to file the status letter and proof of service by December 23, 2024, as ordered, was not due to disregard of the Court's directives but rather personal and family circumstances during the holiday period. In December I underwent a surgical procedure and have two young children who were out of school for an extended holiday break. These factors required significant attention and limited my ability to meet professional obligations. While these circumstances do not excuse the delays, I respectfully ask the Court to consider them as mitigating factors.

**B.**    **Status and Stay of this Suit**

- Proof of Service: On January 3, 2025, Plaintiff filed an affidavit of service demonstrating that Defendant Sean P. Diddy Combs was served on January 3, 2025, through delivery to the appropriate officer at the Metropolitan Detention Center, pursuant to N.Y. C.P.L.R. § 620. (ECF No. 44). This method of service ensures compliance with procedural due process requirements and provides Defendant Combs with actual notice of this action.

January 7, 2025
Page 2

- <u>Status and Reason to Continue</u>: Plaintiff reaffirms its intent to proceed with this litigation and respectfully submits the following update regarding the status of the case:

    1. **Automatic Stay Applicability**: Under 11 U.S.C. § 362(a), the automatic stay applies solely to the debtor, Phantom Labs, and does not extend to non-debtor defendants, including Sean P. Diddy Combs and Matthew Lupton. The claims against Combs and Lupton arise from their individual actions and liabilities and are separate from the bankruptcy estate of Phantom Labs, Inc.

    2. **Independent Claims Against Combs and Lupton**: The claims against Combs and Lupton are based on their personal conduct and breaches of duty, unrelated to Phantom Labs' bankruptcy proceedings. These claims can proceed independently without affecting the administration of the bankruptcy estate.

    3. **Judicial Efficiency**: Staying the case would result in undue delay in resolving claims against Combs and Lupton. Proceeding with litigation against the non-debtor defendants ensures the efficient resolution of these claims while maintaining the Court's jurisdiction over the matter.

    4. **Lack of Prejudice to the Bankruptcy Estate**: Continuing this litigation will not prejudice the bankruptcy proceedings, as the claims against Combs and Lupton are independent and do not implicate the debtor's estate.

C.   **Proposed Next Steps in the Litigation**

Plaintiff proposes the following next steps to advance this litigation efficiently:

1. **Scheduling Order**: Plaintiff respectfully requests that the Court set a schedule for discovery to proceed against Defendants Combs and Lupton. Plaintiff proposes a discovery completion deadline of April 30, 2025, and dispositive motion deadlines to follow in May 2025.

2. **Status Updates**: Plaintiff will provide periodic updates to the Court on the progress of discovery and any relevant developments in the bankruptcy proceedings of Phantom Labs, Inc.

3. **Coordination with Defendants**: Plaintiff is committed to working cooperatively with counsel for Defendants Combs and Lupton to ensure compliance with deadlines and to avoid unnecessary disputes or delays.

D.   **Request for Relief**

In light of the above, Plaintiff respectfully requests that the Court discharge the show cause order and permit this matter to proceed. Plaintiff is committed to ensuring timely compliance with all future deadlines and apologizes for any inconvenience caused by the recent delays.

January 7, 2025
Page 3

Respectfully,

Thomas J. Eisweirth
Managing Member

TJE
cc: Raven Production Management Group
Chris Berends
Jonathan D. Davis
Colin J. Steele

The Court, in its discretion, will not impose sanctions at this time and discharges the order to show cause, Dkt. 45. Plaintiff's counsel is admonished, however, that he must comply with all Court ordered deadlines moving forward absent an extension received for good cause shown.

Defendant Sean P. Diddy Combs's request for an extension of time to respond to the Complaint, Dkt. 49, is granted. Combs shall respond to the Complaint on or before January 29, 2025.

Plaintiff's request for leave to move for default judgment, Dkts. 31 and 33, is denied without prejudice, given that the automatic bankruptcy stay appears to apply to Defendant Phantom Labs, Inc., Combs has now appeared in this case, and the status of Defendant Matthew Lupton (who has not appeared in this matter) is unclear. On or before January 22, 2025, Plaintiff shall file a status letter updating the Court as to the status of Lupton's participation in the case and/or settlement discussions with Lupton, and proposing next steps with respect to Plaintiff's claims against Lupton.

The Clerk of Court is respectfully directed to close Docket Numbers 31, 33, and 49.

SO ORDERED.
Date: January 8, 2025
New York, New York

JOHN P. CRONAN
United States District Judge