**JONATHAN D. DAVIS, P.C.**

ATTORNEYS AT LAW

1 ROCKEFELLER PLAZA
SUITE 1712
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

January 29, 2025

**VIA ECF**

The Honorable John P. Cronan
United States District Court
500 Pearl Street, Courtroom 12D
New York, New York 10007

    Re:  *Raven Production Management Group LLC v. Phantom Labs, Inc.*,
           Case No. 24-cv-2670 (JPC)

Dear Judge Cronan:

      We are the attorneys for Defendant Sean Combs in the above-referenced action. We respectfully submit this pre-motion letter in accordance with Sections 6.A and 1.A of your Honor's Individual Practices regarding Mr. Combs' anticipated motion to dismiss the Complaint, dated April 9, 2024 (Dkt. 6, "Complaint" or "Compl.").

      Mr. Combs seeks dismissal of all counts asserted against him (Count Five (Tortious Interference with Contract), Count Seven (Unjust Enrichment), and Count Eight (Quantum Meruit)) under Fed. R. Civ. P. 12(b)(6). Alternatively, Mr. Combs seeks dismissal under Fed. R. Civ. P. 12(b)(2) because this Court lacks personal jurisdiction over him.

      Plaintiff's dispute, assuming it has one, can only be against Defendants Phantom Labs, Inc. ("PHNTM") and Matthew Lupton, not against Mr. Combs. Plaintiff did not enter into any contract with Mr. Combs. Plaintiff never communicated with Mr. Combs. And Plaintiff has not alleged a single action taken by Mr. Combs, as all actions are alleged to have been take by PHNTM and/or Mr. Lupton. There is no basis for Plaintiff to assert any claim against Mr. Combs.

      Plaintiff obviously named Mr. Combs as a defendant only as a ploy because he is presumed to be a deep pocket for Plaintiff to recover its alleged losses (inasmuch as PHNTM has sought bankruptcy protection) and to garner publicity for its lawsuit. The improper inclusion of Mr. Combs here should be stopped and the Complaint dismissed against him.

**TORTIOUS INTERFERENCE WITH CONTRACT**

      In order to state a claim for tortious interference with contract, a plaintiff must allege that "(1) a valid and enforceable contract between the plaintiff and a third party existed; (2) the

The Honorable John P. Cronan
January 29, 2025
Page 2

defendants had knowledge of the contract; (3) the defendants intentionally procured the breach; and (4) the plaintiff suffered damages." *Zeising v. Kelly*, 152 F. Supp. 2d 335, 349 (S.D.N.Y. 2001). The Complaint fails to adequately allege each of these elements.

<u>First</u>, the Complaint does not allege the existence of a valid and enforceable contract. Plaintiff's claim is purportedly based upon a contract between Plaintiff and PHNTM for Plaintiff to "construct and install a red translucent cube for a project related to … [Mr. Combs]." Dkt. 6 ¶¶ 10, 39. The Complaint does not allege that there was a written contract between Plaintiff and PHNTM, and Plaintiff did not attach a contract to its Complaint. Rather, it only alleges "discuss[ions]" between Plaintiff and PHNTM, and that based on those discussions and "state[ments]" and "representations" by PHNTM, Plaintiff worked on the cube project. *Id.* ¶¶ 10-11. Thus, Plaintiff's Complaint, at most, alleges an oral contract with PHNTM.

The Complaint alleges that the costs Plaintiff has already incurred amount to $96,732.00. *Id.* ¶ 17. Therefore, the alleged contract with PHNTM is controlled by the Statute of Frauds, which provides that "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." N.Y. U.C.C. Law § 2-201(1). The Complaint neither alleges that Plaintiff entered into a written contract with PHNTM nor that any contract was signed by PHNTM. Thus, the purported contract is barred by the Statute of Frauds. Absent a valid and enforceable written contract, the tortious interference claim must be dismissed.

<u>Second</u>, Plaintiff does not even attempt to allege the other elements of a tortious interference claim beyond a formulaic recitation of those elements, which is insufficient to avoid dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). The Complaint neither alleges that Mr. Combs had knowledge of Plaintiff's purported contract with PHNTM nor that Mr. Combs "intentionally" procured a breach by PHNTM. Plaintiff's total pleading failure mandates dismissal of this claim against Mr. Combs.

## UNJUST ENRICHMENT / QUANTUM MERUIT

An unjust enrichment claim "requires a showing: that (1) [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered" *Greene v. Clean Rite Centers, LLC*, 714 F. Supp. 3d 134, 149 (E.D.N.Y. 2024). The claim is "a narrow one; it is not a catchall cause of action to be used when others fail" and "is available only in unusual situations." *Id.* at 150 (internal citations omitted). Similarly, to prevail on a claim for quantum meruit a plaintiff must show "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

The Honorable John P. Cronan
January 29, 2025
Page 3

As alleged in the Complaint, no party, and certainly not Mr. Combs, was "enriched" by Plaintiff or "accepted services" from Plaintiff. There is no suggestion or hint in the allegations that Plaintiff ever delivered goods or services to any defendant, *and certainly no mention of any delivered to Mr. Combs*. And even if Plaintiff delivered goods or services to PHNTM or Mr. Lupton, that is insufficient to establish a claim against Mr. Combs. Indeed, the Complaint fails to allege the existence of any relationship between Mr. Combs and the other defendants. If anything, the Complaint alleges that no such relationship existed, as it claims that "PHNTM and Lupton misrepresented their contractual relationship with [Mr. Combs]." Compl. ¶ 2.

## LACK OF PERSONAL JURISDICTION

In the alternative, this action is dismissible against Mr. Combs under Fed. R. Civ. P. 12(b)(2) because the Complaint fails to allege any basis for this Court to exercise personal jurisdiction over him (whether specific or general jurisdiction). Mr. Combs is not a citizen of the State of New York. The Complaint only alleges a forum-selection clause in the purported contract between *PHNTM and Plaintiff*. Dkt. 6 ¶ 4. But apart from quoting that clause, as discussed in greater detail above, Plaintiff failed to allege the existence of that contract, and it has not submitted any contract to the Court. Thus, the Court cannot presently determine whether such a forum-selection clause exists even as to PHNTM and Mr. Lupton.

Regardless, even if the Complaint alleged the existence of a contract with PHNTM, it does not allege that Mr. Combs is a counterparty to that purported contract. A forum selection clause may be enforced against a non-signatory, such as Mr. Combs, only where that party is "closely related" to a signatory party. *See Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 324-25 (S.D.N.Y. 2017) ("In determining when a non-signatory is bound, courts in this Circuit look at whether the non-signatory is so closely related to the dispute that it becomes foreseeable that it will be bound by the forum selection clause.") (cleaned up). Generally, that circumstance occurs only where the non-signatory "had an active role in the transaction between the signatories or … had an active role in the company that was the signatory." *Id.* at 325.

Here, no allegations in the Complaint suffice to show that Mr. Combs was "closely related" to PHNTM. The Complaint neither alleges that Mr. Combs had an "active role" in the purported transaction between Plaintiff and PHNTM nor that Mr. Combs had any "active role" in PHNTM. To the contrary, Plaintiff alleges there may have been no relationship between Mr. Combs and PHNTM and that PHNTM "misrepresented" its relationship with Mr. Combs.

## CONCLUSION

Based on all the foregoing, Mr. Combs respectfully requests that this Court schedule a pre-motion conference to discuss the foregoing and to establish a briefing schedule for his anticipated motion to dismiss the Complaint. Should Plaintiff elect not to amend its Complaint, Mr. Combs suggests that his motion be due three weeks after the date of the conference, that any opposition be due two weeks thereafter, and that any reply be due one week thereafter.

The Honorable John P. Cronan
January 29, 2025
Page 4

                                        Respectfully submitted,

                                        */s/ Jonathan D. Davis*

                                        Jonathan D. Davis

cc: All counsel (via ECF)

Case 1:24-cv-02670-JPC    Document 53    Filed 01/29/25    Page 4 of 4