

Thomas Eisweirth
Eisweirth Law, PLLC
5900 Balcones Drive, Suite 16746
Austin, TX 78731
thomas@eisweirthlaw.com
512.663.7525

February 11, 2025

<u>Via Email</u>

Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
**Courtroom:** 12D
**Chambers Email:** CronanNYSDChambers@nysd.uscourts.gov
**Chambers Phone:** 212-805-0218
**Chambers Fax:** 212-805-7973

    Re: *Raven Production Management Group LLC v. Phantom Labs, Inc., Matthew Lupton, and Sean P. Diddy Combs, Case No. 24 Civ. 2670 (JPC)*

Dear Judge Cronan,

Plaintiff acknowledges that its response to defendant Sean P. Diddy Combs's ("**Combs**") Letter Motion to Dismiss (ECF No. 53) was not filed within the three-business-day deadline prescribed by the Court's Individual Rules and Practices in Civil Cases (Section 6.A). Plaintiff's counsel mistakenly calendared the response period under the standard briefing schedule applicable to formal motions to dismiss under Rule 12(b)(6), rather than the Court's expedited deadline for letter motions. Plaintiff's counsel has since familiarized himself with the Court's individual rules and will ensure strict compliance with all future deadlines.

### A. <u>Introduction</u>

Combs argues that Plaintiff improperly named him in this lawsuit to exploit his financial status and garner publicity. This assertion is baseless. Plaintiff named Defendant Combs because his actions were the direct and proximate cause of Plaintiff's harm. The allegations in the Complaint establish that Combs was actively involved in the contractual relationship between Plaintiff and Phantom Labs, Inc. ("**PHNTM**") and took deliberate actions that led to Plaintiff's damages. Combs's arguments for dismissal—challenging the existence of a valid contract, applicability of the statute of frauds, sufficiency of the tortious interference claim, and personal jurisdiction—are either factually inaccurate, legally misguided, or both. Each of these arguments is addressed below.

### B. <u>Legal Standard</u>

When evaluating a motion under Rule 12(b)(6), the court must assume all "well-pleaded factual allegations" to be true, and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Courts are directed to

February 11, 2025
Page 2

construe a complaint "liberally," "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted).

Additionally, it is well established that a complaint is not required to attach evidence in support of its allegations. A motion to dismiss is not an occasion to weigh the evidence but to assess whether the plaintiff is entitled to offer proof in support of its claims. *Kirk v. Heppt*, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008). The issue is not whether the plaintiff will ultimately prevail, but whether the complaint provides a sufficient factual basis to proceed. *Id.*

### C.    The Complaint Adequately States a Claim for Tortious Interference

Combs argues that Plaintiff has not sufficiently pleaded the elements of tortious interference, including the existence of a valid and enforceable contract. This argument fails for several reasons:

- Existence of a Valid and Enforceable Contract. Combs's assertion that the Complaint does not allege a valid contract is simply incorrect. The Complaint explicitly alleges that Plaintiff entered into an agreement with PHNTM to construct and install a stage prop for Combs' event (Compl. ¶¶ 10, 39).

- Statute of Frauds Does Not Bar the Contract. Combs argues that the alleged contract is barred by the Statute of Frauds under N.Y. U.C.C. § 2-201 because it involves goods exceeding $500. This argument is misplaced. The contract at issue was not for the sale of goods—it was for the design, engineering, and installation of a custom-built stage prop, requiring extensive services, revisions, and coordination. The predominant purpose of this contract was for services, not the sale of goods, and therefore the UCC is inapplicable.

- Combs' Knowledge of the Contract and Intentional Interference. Contrary to his claim, the Complaint specifically alleges that Combs had knowledge of the contract. Paragraph 14 states, "Diddy approved the design change and had submitted a deposit payment to PHNTM via ACH." This clearly demonstrates his awareness of the contract and the work being done for his benefit. Further, the Complaint alleges that Combs abruptly canceled the event despite approving the design and instructing its construction (Compl. ¶¶ 16-17). The allegations sufficiently establish that Combs intentionally interfered with the contract.

If the Court requires additional specificity, Plaintiff is prepared to amend the Complaint to include written communications and additional supporting documents evidencing the contract and Combs' involvement. However, such detail is not required at the pleading stage.

### D.    Plaintiff's Unjust Enrichment and Quantum Meruit Claims Are Well-Pleaded

Combs contends that he was not enriched by Plaintiff's work because Plaintiff did not physically deliver the completed project. This is incorrect. The Complaint makes clear that Plaintiff expended significant resources designing and constructing the stage prop specifically for Combs' event

February 11, 2025
Page 3

(Compl. ¶ 11). It is unjust for Combs to escape liability after directing Phantom to commission the work and then failing to proceed with the event.

Moreover, Combs argues that there is no connection between himself and PHNTM. This is contradicted by the Complaint, which alleges that on August 31, PHNTM, by and through Matthew Lupton, informed Plaintiff that it had received a signed contract from Combs and would receive funds the next day (Compl. ¶ 11). Combs' involvement was direct and material.

### E. This Court Has Personal Jurisdiction Over Combs

Combs also seeks dismissal under Fed. R. Civ. P. 12(b)(2), asserting that this Court lacks personal jurisdiction over him. This argument is meritless. Combs was served in federal custody in New York, which alone supports jurisdiction. Moreover, his business activities in New York—including organizing and canceling the event at issue—further support jurisdiction.

### F. Conclusion

Defendant Combs' motion to dismiss is based on misstatements of fact and law. Plaintiff has adequately pleaded each of its claims, and Combs' arguments to the contrary are unsupported. If the Court finds any deficiency in the pleadings, Plaintiff respectfully requests leave to amend.

Respectfully,

Thomas J. Eisweirth
Managing Member

TJE
cc:  Raven Production Management Group
     Chris Berends
     Jonathan D. Davis
     Colin J. Steele

Defendant Combs's request to file a motion to dismiss, Dkt. 53, is granted. Defendant Combs shall file the motion on or before March 5, 2025. Plaintiff shall file an opposition on or before April 2, 2025. Defendant Combs may file a reply on or before April 9, 2025. The Clerk of Court is respectfully directed to close Docket Number 53.

SO ORDERED.
Date: February 12, 2025
New York, New York

JOHN P. CRONAN
United States District Judge