**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
RAVEN PRODUCTION MANAGEMENT GROUP : Civ. Case No. 24-2670-JPC
LLC, :
:
:
*Plaintiff*, :
: **UNOPPOSED MOTION FOR**
-against- : **STAY OF PROCEEDINGS**
:
PHANTOM LABS, INC., MATTHEW LUPTON, and :
SEAN P. DIDDY COMBS, :
:
:
*Defendants*. :
---------------------------------------------------------------- x

Plaintiff Raven Production Management Group, LLC ("**Plaintiff**") respectfully submits this unopposed Motion for a Stay of Proceedings:

1. On April 9, 2024, Plaintiff initiated the present action against Defendants alleging breach of contract, fraudulent inducement, tortious interference, unjust enrichment, quantum meruit, and deceptive trade practices against Defendants Phantom, Matthew Lupton, and Combs.

2. On September 3, 2024, Plaintiff and a group of other Phantom creditors (collectively, the "**Petitioning Creditors**") initiated an involuntary chapter 7 bankruptcy petition against Phantom in the United States Bankruptcy Court for the Central District of California, Case No. 2:24-bk-17144. Phantom's bankruptcy filing triggered an automatic stay under 11 U.S.C. § 362, preventing further prosecution of Plaintiff's claims against Phantom.

3. On March 5, 2025, Defendant Combs filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (the "**Motion to Dismiss**") (ECF No. 57). Plaintiff's response to the Motion to Dismiss is due March 26, 2025.

4. The Petitioning Creditors (including Plaintiff) and Phantom are currently engaged in settlement discussions related to the bankruptcy proceedings, which could resolve all matters in

this action.

5. Plaintiff has conferred with counsel for Defendant Sean Combs and they do not oppose this motion. Defendant Matthew Lupton has not appeared in this proceeding.

6. Given the context, a stay of the entire proceeding would be appropriate and consistent with judicial economy, fairness, and avoidance of inconsistent adjudications. Counsel for Defendant Combs has confirmed that Combs does not oppose a stay of this action.

7. A stay of these proceedings would promote judicial efficiency, prevent prejudice to the parties, and respect the automatic stay triggered by Phantom's bankruptcy filing. Resolution of the bankruptcy proceedings could fully resolve Plaintiff's claims against the remaining defendants.

8. Accordingly, pursuant to the Court's inherent authority and in the interests of justice, fairness, and judicial economy, Plaintiff respectfully requests that the Court enter an order staying all proceedings in this case pending the resolution of the bankruptcy proceedings involving Defendant Phantom.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Stay Proceedings pending final resolution of the bankruptcy proceedings involving Phantom, including any appeals, and for such other relief as the Court deems just and proper

Dated: March 26, 2025,                                    Respectfully Submitted,

**EISWEIRTH LAW, PLLC**

*/s/ Thomas J. Eisweirth*
Thomas J. Eisweirth (Bar ID 5546221)
5900 Balcones Drive, Suite 16746
Austin, Texas 78731
Telephone: (512) 663-7525
thomas@eisweirthlaw.com

***Counsel to Plaintiff Raven Production Management Group, LLC***

The motion to stay this case pending the pending final resolution of the bankruptcy proceedings involving Defendant Phantom Labs, Inc., including any appeals, is granted. The Court finds that a stay is appropriate at this juncture under the five factors examined by courts in this District when imposing a stay. *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). The parties shall file a status letter within seven days following the final resolution of the bankruptcy proceedings. The Clerk of Court is respectfully directed to stay this case and close Docket Number 59.

SO ORDERED.
Date: March 28, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 26, 2025, a true and correct copy of the foregoing document was served on all counsel on record with the Court's electronic filing system, CM/ECF.

                                                  */s/ Thomas J. Eisweirth*
                                                  Thomas James Eisweirth